**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-0082-RWS |
| | : | |
| EARL C. ARROWOOD and | : | |
| PARKER H. PETIT, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Adverse Consequences and Remedies [100] and Plaintiff's Motion in Limine to Exclude Evidence of Defendant's Character [101]. The Court held a hearing on May 14, 2014, to address these motions and other pre-trial matters. After considering the Parties' written submissions and arguments presented at the hearing, the Court enters the following Order.

In its first motion [100], Plaintiff seeks to: (1) preclude Defendants from offering in the presence of the jury any evidence or argument regarding any adverse consequence or harm that they assert they have experienced or might experience from this case or the related investigation; and (2) "exclude evidence

and argument regarding Mr. Arrowood's [] contention that his 'actual' profits were less than those claimed by the Commission."  (Pl.'s Br., [100-1] at 1 of 10.)  The motion is **DENIED in part and GRANTED in part.**

Regarding evidence of adverse consequences Defendants may have suffered *because of* this trial or the related investigation, the motion in limine is **GRANTED**.  The Court agrees with Plaintiff that such evidence is generally irrelevant and to the extent it is offered merely to elicit sympathy from the jury, it is improper.  However, personal hardships suffered by, and circumstances of, Defendants may be relevant to explaining inconsistencies in Defendants' prior statements and to addressing Defendants' credibility.  Therefore, to the extent such credibility issues arise at trial, Defense Counsel may request that the Court revisit this topic.

The motion in limine is **DENIED** as to evidence regarding "actual profits" made by Defendant Arrowood.  This factual evidence, along with evidence of when and why Defendant Arrowood sold the stock in question, is highly relevant to the element of intent.  To the extent Plaintiff's motion relates to disgorgement or damages in this case, the motion is premature and the Court reserves ruling.

2

With its second motion [101], Plaintiff asks the Court to "preclude defendant Earl Arrowood from offering in the presence of the jury any evidence or argument regarding his or Mr. Petit's character or character traits." (Pl.'s Br., [101-1] at 1 of 9.)  The motion is **GRANTED** to the extent evidence of Defendants' good character is offered for the purpose of showing Defendants acted in conformity therewith.  Defendants have represented to the Court that they have no intention of offering such character evidence.  However, if Plaintiff attacks Defendants' character during trial, Defendants may ask to present character evidence.  The Court notes that this motion does not extend to evidence regarding Defendant Petit's business acumen and success, or to evidence of the Defendants' relationship and history with one another.

During the hearing, the Parties agreed to provide opposing counsel with summary exhibits five business days before trial begins.  The Parties also agreed that, during trial, they will provide notice to opposing counsel of exhibits and witnesses they intend to use the following day.

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, Plaintiff's Motion in Limine to Exclude Evidence of Adverse Consequences and Remedies [100] is **GRANTED in part and DENIED in part,** and Plaintiff's Motion in Limine to Exclude Character Evidence [101] is **GRANTED**.

**SO ORDERED**, this  14th  day of May, 2014.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4