IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | :  CIVIL ACTION NO. : 1:12-CV-0082-RWS : |
| EARL C. ARROWOOD and PARKER H. PETIT, | : : : |
| Defendants. | |

**ORDER**

This case is before the Court to determine whether certain statements made by Defendant Arrowood's attorney, Mr. Cochran, are admissible against Defendant Petit.  The Court has already found that the statements at issue were made in the context of plea negotiations between the SEC and Defendant Arrowood, and are thus inadmissible against Arrowood under Federal Rule of Evidence ("Rule") 410(a)(4).  (Order, [77] at 13-16 of 18.)  However, the Court concluded that Defendant Petit was not protected under Rule 410(a)(4) because he did not participate in the plea discussions.  (Id. at 17 of 18.)  The Court reserved ruling on potential hearsay objections to Mr. Cochran's statements.  (Id.).  The Court held a hearing on May 14, 2014, to address this issue.

AO 72A
(Rev.8/82)

At the hearing, the SEC argued that Mr. Cochran's statements are admissible to impeach Defendant Arrowood under Rule 613(b) (prior inconsistent statements by a witness).  In support of its argument, the SEC noted that evidence used to impeach a witness does not fall within the hearsay rules because such evidence is not offered to prove the truth of the matter asserted.  Defendant Petit identified at least two problems with the SEC's position: (1) Rule 613(b) does not apply because the prior statements were made by Mr. Cochran, not Mr. Arrowood; and (2) there is no "impeachment exception" to Rule 410(a)(4).  The Court agrees with Defendant that Mr. Cochran's statements are not admissible as impeachment evidence.

Defendant Petit relies on U.S. v. Cuevas Pimental, 815 F. Supp. 81 (D. Conn. 1993).  In that case, the court noted that Rule 613(b) "makes no provision, express or implied, for the attribution of statements of others to a witness." Cuevas Pimental, 815 F. Supp. at 83.  Accordingly, the court concluded, "it is clear that, as a general matter, Rule 613(b) does not permit an attorney's statements to be introduced as prior inconsistent statements of that attorney's client." Id.  The Court, being aware of no contrary authority, agrees with the Connecticut court's reasoning and conclusion.

2

Defendant Petit also cites U.S. v. Mezzanatto, 513 U.S. 196 (1995).  In that case, respondents argued that the plea-statement Rules do not contain an "impeachment" exception.  513 U.S. at 200 n. 1.  The Supreme Court stated: "We certainly agree that the [plea-statement] Rules give a defendant the right not to be impeached by statements made during plea discussions."  Id. Therefore, based on the authority cited by Defendant Petit, the Court agrees that Mr. Cochran's statements are inadmissible as impeachment evidence against Defendant Arrowood.

The SEC's second argument is also unpersuasive.  It claims that in order for Mr. Cochran to have made his statements to the SEC, Defendant Arrowood must have first made the statements to Mr. Cochran, and because Arrowood is an "unavailable witness," the statements should be admitted under Rule 804(b)(3).  Defendant Petit objects to this argument as "double hearsay" and an end-run around attorney-client privilege.  Again, the Court agrees with Defendant.[1]

---

[1] Although the SEC argues that Defendant Arrowood authorized Mr. Cochran to participate in the plea discussions on his behalf, there is no evidence that Arrowood has adopted Cochran's statements as his own.  Arrowood was not at the meeting, and in fact, he denies being aware of Mr. Cochran's statements at the time they were made and continues to deny the content of the statements.  Therefore, the Court does not

3

"Hearsay within hearsay . . . is admissible only if each part of the combined statements conforms with an exception to the hearsay rule." U.S. v. Robinson, 239 Fed. App'x 507, 508 (11th Cir. 2007) (citing Fed. R. Evid. 805). The extent of the SEC's argument on this point is a cursory statement during the hearing that Defendant Arrowood is an "unavailable witness." It appears that the SEC is relying on Rule 804(b)(3) (statements against interest) as the hearsay exception for Defendant Arrowood's presumed statements to Mr. Cochran.[2] The SEC did not identify or discuss any hearsay exception regarding Mr. Cochran's statements to the SEC negotiators, and the Court is not inclined to fill the gaps in the SEC's argument with its own guesses. Without a hearsay exception for both declarants, the SEC cannot surmount the double hearsay problem.

Finally, even if the SEC could identify relevant hearsay exceptions for both declarants, the Court would still exclude the evidence. Under Rule 403's balancing test, the Court finds that the probative value of this evidence is

---

find Mr. Cochran's statements attributable to Defendant Arrowood.

[2] The SEC has not made any representation to the Court about what Defendant Arrowood's statements were to Mr. Cochran, arguing only that he "must have" said something to Mr. Cochran before Cochran made his own statements to the SEC plea negotiators.

4

substantially outweighed by a danger of unfair prejudice. Mr. Cochran's statements, which were never adopted by Defendant Arrowood, were made in the context of plea discussions with the SEC. There is no recording of that meeting, and the Parties apparently have different recollections of what exactly was said. The probative value of such attenuated evidence is minimal. However, the potential unfair prejudice to Defendant Petit is great. Therefore, for the aforementioned reasons, the Court finds that Mr. Cochran's statements are inadmissible hearsay.

## Conclusion

Based on the foregoing, Mr. Cochran's statements to the SEC during plea negotiations are inadmissible against both Defendants.

**SO ORDERED**, this 19th day of May, 2014.

_____

**RICHARD W. STORY**
United States District Judge